

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,007-01

**EX PARTE JOSEPH LOPEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-40586-L IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to aggravated sexual assault of a child, and was sentenced to twelve years' imprisonment. The Fifth Court of Appeals dismissed his appeal for want of jurisdiction because notice of appeal was untimely filed. *Lopez v. State*, No. 05-16-00284-CR (Tex. App. — Dallas, March 11, 2016) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to adequately consult with him prior to trial, failed to investigate or interview witnesses, failed to show Applicant any of the evidence or discovery, and failed to advise Applicant regarding the deadline for filing notice of appeal[2].

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant was advised of his appellate rights, and as to whether he expressed a desire to appeal. If Applicant did

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

[2]Applicant actually alleges that trial counsel failed to advise him that he had thirty days after sentencing in which to file a petition for discretionary review. In light of the dismissal of Applicant's direct appeal because his *pro se* notice of appeal was untimely, it is probable that Applicant is referring to the time period for filing notice of appeal, rather than a petition for discretionary review.

express a desire to appeal, the trial court shall make findings as to whether appellate counsel was appointed, and if not, why not. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 7, 2016
Do not publish